# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brittany Marie Christian, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1041 C.D. 2018 |
| | : | Submitted: December 14, 2018 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 18, 2019**

Brittany Marie Christian (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision finding her ineligible for unemployment compensation (UC) benefits under the Unemployment Compensation Law[1] (UC Law).  The Board denied Claimant UC benefits under Section 402(b) of the UC Law, 43 P.S. §802(b), based on her voluntary resignation from employment without a necessitous and compelling reason.  Upon review, we affirm.

## I. Background

Claimant worked for two months for United Healthcare (Employer) as a customer service representative answering consumer telephone inquiries.  Most of that time consisted of training, after which Claimant and other trainees transitioned

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §§751-919.10.

to fielding calls from consumers. During training, Claimant expressed stress and anxiety about her anticipated duties answering phone calls.

After working on the telephone answering calls twice, Claimant began calling off work every day. About two weeks later, she stopped calling in. Upon not hearing from Claimant for a week, Employer mailed her a warning letter stating it would terminate her employment if she did not respond to the warning letter.

After the warning letter was mailed, but before Claimant received it, she called and left a telephone message for her supervisor, explaining the telephone work was causing her extreme anxiety, asking whether there was a different job she could perform, and stating that if not, she was resigning. Because Claimant indicated in the message that she was not returning, Employer directed Claimant's supervisor not to respond to Claimant's telephone message. Claimant did not attempt to contact Employer after receiving the warning letter.

Claimant applied for UC benefits. A UC Service Center (Department) denied benefits pursuant to Section 402(b) of the UC Law, finding Claimant voluntarily quit her job without a necessitous and compelling reason.

Claimant appealed the Department's determination, and a referee held a hearing. At the hearing, Claimant stated she received treatment for anxiety and depression at various times over a number of years before beginning work with Employer. She testified the telephone job with Employer caused her extreme anxiety and a return of her depression, constituting a necessitous and compelling

2

reason for her resignation. However, Claimant acknowledged she did not seek medical attention for her returning symptoms prior to resigning. She did not provide Employer with any medical restrictions or documentation of her anxiety. She did not request any medical leave or accommodation from Employer prior to the telephone message in which she resigned. During the two-week period when she was calling off work each day, Claimant did not give any reason why she was not coming to work.

Claimant's former supervisor testified Claimant expressed nervousness about the telephone work but never stated she had a problem that prevented her from doing the job. In fact, Claimant performed the duties assigned to her and was doing such a good job that her supervisor expected her to become a top employee once she fully transitioned out of training.

Regarding other possible work for Employer, Claimant testified she asked several different people whether there was other work she could perform. However, she did not identify any of those people. Moreover, Claimant explained that as her job was in a call center, she believed there was no other type of work to perform, so she did not apply for any other position with Employer.

After the hearing, the referee issued a decision affirming the Department's determination. The referee found Claimant voluntarily resigned because she was stressed about the job. However, Claimant did not provide Employer with any medical restrictions that prevented her from performing her assigned job duties. The referee concluded Claimant failed to produce sufficient

evidence to sustain her burden of showing a bona fide illness prevented her from performing her job. Claimant also failed to prove notice to Employer of any medical restrictions, or a reasonable effort to preserve her employment prior to resigning. Therefore, the referee found Claimant did not sustain her burden of showing a necessitous and compelling reason for quitting her job.[2]

Claimant appealed to the Board, which affirmed, adopting the referee's findings and conclusions.

## II. Issue

On appeal,[3] Claimant insists she did have a necessitous and compelling reason to resign because Employer denied her an alternate position after she

_____

[2] Claimant also alleges she was "humiliated," "laughed at," and "criticized" by the referee and Employer's counsel at the hearing when she stated she was applying for Social Security Disability benefits because of her anxiety and depression. Pet'r's Br. at 10. The hearing transcript fails to support this averment.

When Claimant expressed that she was becoming confused because she felt counsel and the referee were "coming at" her in relation to her disability application, Notes of Testimony (N.T.) at 17, the referee explained he was simply trying to determine Claimant's ongoing ability to work, a prerequisite to eligibility for UC benefits. Because inability to work is a prerequisite for receiving disability benefits, the referee needed to explore that issue in the hearing. The transcript does not reveal any inappropriate conduct by the referee.

Claimant also alleges Employer's counsel made insulting comments to her when the referee was out of the room. Such conduct, if it occurred, would of course be highly reprehensible. However, the record does not indicate what conversation, if any, took place in the referee's absence.

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

4

explained her anxiety and depression issues.[4]  The Board counters that Claimant failed to sustain her burden of demonstrating either a medical condition or sufficient notice of such a condition.

## III. Discussion

A claimant seeking UC benefits after voluntarily resigning bears the burden of proving she had necessitous and compelling reasons for quitting.  Kelly v. Unemployment Comp. Bd. of Review, 172 A.3d 718 (Pa. Cmwlth. 2017).  She must prove she acted with ordinary common sense and made reasonable efforts to preserve her employment before deciding to quit.  Id.  Whether a claimant had necessitous and compelling reasons for resignation is a question of law subject to plenary review by this Court.  Id.

## A. Medical Condition

A medical condition that limits an employee's ability to perform her job may provide a necessitous and compelling reason to resign.  St. Clair Hosp. v. Unemployment Comp. Bd. of Review, 154 A.3d 401 (Pa. Cmwlth. 2017) (en banc).  To demonstrate that a medical condition is a necessitous and compelling reason for the voluntary resignation, "a claimant must:  (1) establish, through competent evidence, the existence of a medical condition; (2) inform the employer of the condition; and (3) be able and available to work if a reasonable accommodation can be made."  Id. at 405.

---

[4] Claimant also argues that Section 402 of the UC Law, which she mistakenly designates as 43 P.S. §402, has been repealed.  As the Board correctly explains, the Purdon's Pennsylvania Statutes citation for Section 402 of the UC Law is 43 P.S. §802.  That section has not been repealed.

Here, Claimant argues she met all three requirements to demonstrate a medical condition constituting a necessitous and compelling reason for resigning. The Board responds that Claimant failed to sustain her burden of proof concerning the first two requirements.

## 1. Existence of a Medical Condition

Regarding the existence of a medical condition, Claimant insists she did not resign because of stress, as found by the referee and the Board, but because of severe anxiety and depression. However, the Board, adopting the referee's findings and conclusions, determined the record contained insufficient evidence to demonstrate any medical condition that prevented Claimant from performing her work duties for Employer. Bd. Op., 6/25/18; Referee's Dec., 4/19/18, at 2.

Claimant does not point to any record evidence of her alleged medical condition. In her brief, she asserts she "would often hyperventilate and could not breathe when it was time to take calls." Pet'r's Br. at 9. The record does not contain this averment, much less any competent evidence to support it. Claimant's other assertions in her brief are merely conclusory averments, with no citations to any record evidence that her job was impacting her health and her medical issues were preventing her from performing her work duties. Id. Moreover, Claimant acknowledged that she sought neither medical care for her alleged condition nor medical documentation of any such condition prior to resigning. Notes of Testimony (N.T.) at 9, 17. Further, the undisputed evidence demonstrated Claimant was performing well, thus refuting any suggestion that her alleged condition was preventing her from performing her job. N.T. at 15, 18-19, 22, 33. As the finder of fact, the Board properly concluded the record was insufficient to sustain Claimant's

burden of proof that Claimant had a medical condition that prevented her from performing her work duties for Employer.

## 2. Notification of Employer

Claimant also contends her former supervisor "was well aware" that Claimant suffered from "extreme anxiety and depression." Pet'r's Br. at 9. Again, Claimant cites no record support for this bare averment. In fact, her former supervisor testified that although she knew Claimant was nervous about starting to work on the telephones, she was not made aware of any actual medical condition. N.T. at 19-21. The Board properly concluded Claimant failed to meet her burden on this issue as well.

Thus, because Claimant failed to sustain her burden of proof regarding two of the required elements, the Board correctly determined Claimant failed to establish a medical condition constituting a necessitous and compelling reason to resign.

## B. Reasonable Efforts to Preserve Employment

The Board also determined Claimant failed to sustain her burden of proving she made reasonable efforts to preserve her employment before resigning. Bd. Op; Referee's Dec. at 2. On appeal, Claimant disputes this conclusion. She asserts that she asked on multiple occasions whether there were other positions available, but her requests to work in a different department were denied. However, she points to no record evidence in support of her position.

In fact, the record contains no evidence demonstrating such requests, other than Claimant's vague statement that she asked "different people" about other possible positions. N.T. at 8. She did not identify those people either by names or job titles, id.; the record does not indicate whether they were in positions enabling them to grant Claimant's alleged requests or even to provide her with information. Moreover, Claimant acknowledged that because she believed there would be no jobs in a call center other than working on the telephone, she did not actually apply for any other positions. Id.

The Board properly determined Claimant failed to demonstrate she made a reasonable effort to preserve her employment.

## IV. Conclusion

Based on the foregoing, we agree with the Board's determination that Claimant failed to sustain her burden of demonstrating a necessitous and compelling reason for resigning from her employment. Therefore, we affirm the Board's order denying UC benefits.

_____

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brittany Marie Christian,  :
                    Petitioner  :
                                :
           v.                   :   No. 1041 C.D. 2018
                                :
Unemployment Compensation       :
Board of Review,                :
                   Respondent   :


# **O R D E R**

**AND NOW**, this 18th day of January, 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge